Alan A. Meda (#009213)
**BURCH & CRACCHIOLO, P.A.**
1850 N. Central Ave., Ste 1700
Phoenix, AZ 85004
Telephone: (602) 274-7611
ameda@bcattorneys.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MARK VOIGT AND MICHELE MENCUCCINI, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a National Association; John and Jane Does I-X; XYZ Corporations I-X; ABC Partnerships I-X; and XYZ, LLC I-X,<br><br>Defendants. | Case No. 2:22-cv-01505-MTL<br><br>**AMENDED VERIFIED COMPLAINT**<br><br>(Unauthorized Transfer) |

Plaintiffs, Mark Voigt and Michele Mencuccini ("**Plaintiffs**"), through counsel undersigned, file this Verified Complaint and allege as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs are husband and wife and currently reside in Maricopa County, Arizona.

2. Upon information and belief, JPMorgan Chase Bank, N.A., a National Association ("**Defendant**" or "**Chase**") is a national banking association licensed to and doing business in Maricopa County, Arizona.

3. Defendant John and Jane Does I-X, XYZ Corporations I-X, ABC Partnerships I-X, and XYZ, LLC I-X are fictitiously named parties whose interest and accurate names will be supplied to the Court and substituted upon Plaintiffs' discovery of the identities of any additional Defendant.

4. The real property that is the subject of this litigation is located in Maricopa County, Arizona.

5. Defendant has caused an event or events to occur in Maricopa County, out of which Plaintiffs' claims arise, and this lawsuit involves property located in Maricopa County, Arizona. Venue and jurisdiction are proper in this Court.

## GENERAL ALLEGATIONS

6. Plaintiffs are the joint account holders of bank account at Chase identified as Account No. xxxx4081 ("**Account**").

7. On or about March 7, 2022, Chase transferred from the Account the sum of $35,000.00 to Piyanan Karaket ("**Karaket**"). This transfer was not initiated, authorized, or otherwise approved by Plaintiffs.

8. On or about March 8, 2022, Chase transferred from the Account the sum of $20,000.00 to Karaket. This transfer was not initiated, authorized, or otherwise approved by Plaintiffs. The March 7, 2022, and March 8, 2022, transfers are collectively referred to herein as the "**Transfers**".

9. The Transfers were not initiated, authorized, or otherwise approved by Plaintiff or by any person entrusted by Plaintiff with the duty or authority act for Plaintiff.

10. On information and belief, Chase did not undertake any action to verify whether the Transfers were authorized or approved by Plaintiffs prior to initiating.

11. On information and belief, Chase did not implement any security procedure to detect that the Transfers were not initiated, authorized, or otherwise approved by Plaintiff.

12. Plaintiffs reported the unauthorized Transfers to Chase on March 9, 2022 and filed a complaint with Chase's Internet Crime Complaint Center on March 11, 2022, which included an Affidavit of Unauthorized Signature or Transaction. A true and correct copy of that complaint is attached hereto as Exhibit A. Chase did not respond to the complaint.

13. As a result of Chase's unresponsiveness, Plaintiffs and their attorneys, on numerous occasions throughout the months of March through May 2022, contacted Chase in person and through email communications to be apprised of the status of the complaint.

Notwithstanding Plaintiffs' efforts, Chase has not communicated, and continues to fail to communicate, any status of the complaint or the return of the unauthorized Transfers. Specifically, Chase has not confirmed whether it has initiated an investigation, the status of any investigation, or the status or return of the unauthorized Transfers.

14.     On July 1, 2022, Plaintiffs sent to Chase the letter attached hereto as <u>Exhibit B</u> demanding an explanation as to the status of matters and advising that litigation would commence if Chase's unresponsiveness continued. Chase has not responded to the July 1, 2022, letter.

## COUNT ONE

**(Unauthorized Transfers – A.R.S. § 47-4A101 et seq.)**

15.     Plaintiffs reassert and incorporate by reference each of the allegations set forth above as if fully repeated herein.

16.     Plaintiffs and Chase entered into a contract relative to the opening and operation of the Account.

17.     Pursuant to the contract, Chase agreed to disburse funds out of the Account only in accordance with the instructions and signature or other authorization of Plaintiffs.

18.     Except as set forth in paragraph 17 above, Chase did not implement any other "security procedures" as defined in A.R.S. § 47-4A201 relative to transfers out of the Account.

19.     The Transfers out of the Account were not made based on an authorized order of Plaintiff as contemplated by A.R.S. § 47-4A202.

20.     The Transfers were not authorized and were not effective as the order of Plaintiff pursuant to A.R.S. § 47-4A202.

21.     The Transfers out of the Account were not made based on an order authorized by a person entrusted by Plaintiff with the duty or authority to act for Plaintiff as contemplated by A.R.S. § 47-4A203.

22.     The Transfers out of the Account were not made in conformity with any "security procedures" as defined in A.R.S. § 47-4A201.

23. The Transfers were not enforceable against Plaintiff pursuant to A.R.S. § 47-4A203.

24. By making the Transfers out of the Account without the instructions, approval, signature or knowledge of Plaintiffs, and without following any "security procedures" as defined in A.R.S. § 47-4A201, Chase made unauthorized transfers of funds from the Account.

25. Chase is liable to Plaintiff for the amounts of the unauthorized Transfers together with accruing interest from the time the unauthorized Transfers were made until the date the Transfers are refunded to Plaintiff pursuant to A.R.S. § 47-4A204.

26. Plaintiffs are entitled to recover their reasonable attorneys' fees, costs and expenses incurred herein pursuant to A.R.S. § 12-341 and § 12-341.01.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment against Defendant, as follows:

A. Awarding actual damages to Plaintiffs in an amount to be proven at trial including damages resulting from the Transfers;

B. For pre and post judgment interest including interest on the Transfers from the date of transfer until repaid at the maximum interest permitted by law;

C. For an award of Plaintiffs' reasonable attorneys' fees, costs, and expenses incurred in connection with this action pursuant to A.R.S. §§ 12-341 and 12-341.01 and in connection with any investigation into any action or inaction undertaken by Defendant;

D. Awarding such other relief as the Court deems just and proper under the circumstances.

DATED this 20th day of September 2022.

**BURCH & CRACCHIOLO, P.A.**

By:  /s/ Alan A. Meda (#009213)
Alan A. Meda
1850 N. Central Ave., Suite 1700
Phoenix, AZ 85004
*Attorneys for Plaintiffs*

4

Served via ECF on CM/ECF Users this 20th day of September 2022 and by email to:

James B. Ball, Esq.
BALL, SANTIN, & MCLERAN, PLC
ball@bsmplc.com

  /s/ Tracy Dunham
Tracy Dunham

# VERIFICATION

I, Michele Mencuccini, hereby declare under the penalty of perjury:

1. That I am a resident of Arizona;
2. That I am competent and authorized to make this Verification;
3. That I have read the foregoing "Verified Complaint" and know the contents thereof; and
4. That the allegations contained therein are true of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

DATED this _____ day of September 2022.

_____
MICHELE MENCUCCINI